UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RATTO BROS., INC., <br>     Plaintiff, <br><br>   v. <br><br> NAM D LAM, <br><br>     Defendant. | Case No. 20-cv-04178-PJH <br><br> **ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** <br><br> Re: Dkt. Nos. 25, 30, 32, 33 |

   This case was reassigned to this court on October 18, 2021 after Magistrate Judge Donna M. Ryu issued her Report and Recommendation (R&R) (Dkt. 30) to deny plaintiff's motion for a default judgment (Dkt. 25). On October 29, 2021, plaintiff moved for a de novo determination. Dkt. 32.

   The motion is now ripe for consideration and the court finds the matter suitable for disposition without oral argument. See Cal. N.D. Civ. L.R. 7-1(b). Having conducted a de novo review of the R&R, plaintiff's motions, and the pleadings in this matter, the court finds that the R&R is well reasoned and correct as a matter of law on almost all matters raised. Accordingly, the court adopts it in part and modifies it in part, as discussed below.

## DISCUSSION

**A. Legal Standard**

   When a magistrate judge is assigned to hear a pretrial matter dispositive of a claim, the magistrate judge must issue a recommended disposition for review by a district judge. Fed. R. Civ. P. 72(b)(1). The recommended disposition must be served on the parties, who then have fourteen days to file objections. Fed. R. Civ. P. 72(b)(2). "The

district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

**B.    Analysis**

This case is brought under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. The term "dealer" under PACA is defined as "any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce." 7 U.S.C. § 499a(b)(6). "Wholesale or jobbing quantities" means "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x). One of the exceptions to this definition is that "no person buying any such commodity solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000." 7 U.S.C. § 499a(b)(6).

A plaintiff may succeed on a PACA claim against a dealer by proving the following: "(1) the commodities sold were perishable agricultural commodities; (2) the purchaser was a commission merchant, dealer, or broker; (3) the transaction occurred in contemplation of interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by including statutory language referencing the trust on their invoices." Beachside Produce, LLC v. Flemming Enterprises, LLC, No. C 06-04957 JW, 2007 WL 1655554, at *2 (N.D. Cal. June 6, 2007).

The R&R concludes that plaintiff proves all elements of its PACA claims,[1] including that defendant was a "dealer" within the meaning of the statute. Specifically, the R&R

---

[1] Plaintiff raises six claims in its amended complaint, but only relies on the two PACA claims in its motion for a default judgment. See Dkt. 30 at 4.

1  states that plaintiff properly alleges that (1) plaintiff sold and delivered perishable
2  agricultural commodities to defendant and that defendant received and accepted the
3  produce without objection; (2) defendant is a "person engaged in the business of buying
4  or selling [perishable agricultural commodity in interstate or foreign commerce] in
5  wholesale or jobbing quantities;" (3) the produce was purchased and sold in
6  contemplation of interstate commerce; (4) defendant failed and refused to pay plaintiff for
7  the produce; and (5) plaintiff sent defendant invoices that provided notice of its intent to
8  preserve the trust in accordance with 7 U.S.C. § 499e(c)(4).  Dkt. 30 at 5–7.

9        Nevertheless, the R&R recommends denying plaintiff's motion for a default
10 judgment.  The R&R reasons that plaintiff fails to show that one of the exceptions to the
11 definition of "dealer" did not apply to defendant, specifically the retailer exception.  The
12 R&R states that under PACA only retailers whose "purchases of perishable agricultural
13 commodities in any calendar year are in excess of $230,000" can be considered
14 "dealers."  Id. at 7.  The R&R notes that plaintiff's "amended complaint does not contain
15 allegations addressing this exception; specifically, it does not allege facts regarding
16 whether [d]efendant purchases the relevant commodity 'solely for sale at retail' or not,
17 and if so, whether their purchases exceed $230,000 per year."  Id.  On this basis, the
18 R&R concludes that "it is not clear if [d]efendant falls into an exception to the term
19 'dealer,' which could defeat [plaintiff's] PACA claims."  Id.

20       Plaintiff moves for de novo review on this particular finding in the R&R.  Dkt. 32.
21 Plaintiff argues that the R&R goes beyond the amended complaint to discuss an
22 exception to the definition of "dealer" that it never raised.  Id. at 3.

23       The court respectfully disagrees with the R&R's approach to the exception of the
24 term "dealer."  Nowhere in plaintiff's pleadings or briefing does it assert that defendant is
25 a retailer or could potentially fall within the retailer exception.  In fact, per the magistrate
26 judge's instructions (Dkt. 19), plaintiff amended its complaint to expressly allege how
27 defendant squarely fit the definition of "dealer" in PACA, adding allegations about
28 defendant working with "wholesale and jobbing quantities" (Dkt. 24).  And the R&R

United States District Court
Northern District of California

acknowledges plaintiff's allegations, stating that plaintiff submitted evidence supporting its claim that defendant is a dealer engaged in the business of buying or selling in "wholesale or jobbing quantities." Dkt. 30 at 7. The court is not aware of a legal requirement that a moving party on a default judgment must disprove affirmative defenses that a defendant might have raised had it chosen to appear and defend itself. Indeed, in other contexts, a moving plaintiff would not have to plead the absence of affirmative defenses. Even where affirmative defenses are raised, a plaintiff is not required to disprove the defenses in the defendant's absence. See Lehman Bros. Holding v. IZT Mortg., Inc., No. C-09-4060 EMC, 2011 WL 2313601, at *3 (N.D. Cal. June 9, 2011) (stating that even though defendant filed an answer to plaintiff's complaint, in which it asserted various affirmative defenses, "the possibility of a dispute concerning material facts is, in all likelihood, small given [defendant's] failure to defend"). Accordingly, the court modifies the R&R in this respect only.

The court finds the remainder of the R&R to be correct, well-reasoned and thorough, and adopts it in every respect.

Plaintiff is correct that its invoices with defendant state that penalties, fines, attorneys' fees, and costs will be charged and enforced in the event of defendant's non-payment. Accordingly, plaintiff is entitled to the following relief from defendant:

1. principal in the amount of $7879.00;
2. pre-judgment finance charges on the principal balance through and including March 1, 2021, in the amount of $1,005.23;
3. attorney's fees to plaintiff in the amount of $2697.50;
4. costs to plaintiff in the amount of $503.45; and
5. post-judgment finance charges on the principal balance only at the rate of 12% per annum to plaintiff, an average of $9.45 per day, from March 1, 2021 until fully paid.

The court DENIES plaintiff's motion to augment the record to include the declaration of Frank Ratto. Dkt. 33. Neither the R&R nor the court relied on the declaration to resolve this dispute.

The hearing on this motion is VACATED.

**IT IS SO ORDERED.**

Dated: December 8, 2021

                */s/ Phyllis J. Hamilton*
                PHYLLIS J. HAMILTON
                United States District Judge